367 So.2d 725 (1979)
Dr. Theodore S. BRANDWEIN, Appellant,
v.
Paul M. GUSTMAN, Appellee.
No. 78-1471.
District Court of Appeal of Florida, Third District.
February 20, 1979.
Rehearing Denied March 9, 1979.
Theodore S. Brandwein, in pro. per.
Paul & Thomson and Jon W. Zeder, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
PER CURIAM.
The appellant is a medical doctor who was the plaintiff in a suit for defamation brought against the appellee who is also a medical doctor. Both doctors were members of the staff of the Miami-Dade General Hospital. The appellee was the chairman of a sub-committee of the hospital staff. The committee was charged with certain duties in acting upon complaints against members of the staff. After action by the appellee as the chairman of the committee, the appellant was granted a hearing before the Medical Executive Committee of the hospital and was suspended from privileges. Thereafter, the Governing Board of the hospital, acting after a hearing, affirmed the action of the Medical Executive Committee.
The appellant's complaint in the circuit court sought damages against the appellee upon the ground that the appellee's committee report was libelous. The appellee moved to dismiss the complaint on the ground that the report enjoyed a qualified privilege under Section 768.40(2), Florida Statutes (1977).[1] The motion to dismiss *726 was granted but appellant was afforded an opportunity to amend his complaint to state facts which, if proven, would show actual "malice or fraud."
Appellant declined to amend, final judgment was entered and this appeal followed.
Appellant has presented us with four points and two sub-points on appeal. Nevertheless, we think that the single controlling question is whether the cited statute was applicable to the facts alleged in appellant's complaint. We hold that the statute is applicable and that the trial judge properly dismissed the complaint with leave to amend. For the principles involved, see Abram v. Odham, 89 So.2d 334 (Fla. 1956).
Affirmed.
NOTES
[1] "(2) There shall be no monetary liability on the part of, and no cause of action for damages shall arise against, any member of a duly appointed medical review committee for any act or proceeding undertaken or performed within the scope of the functions of any such committee if the committee member acts without malice or fraud. This immunity shall apply only to actions by providers of health services, and in no way shall this section render any medical review committee immune from any action in tort or contract brought by a patient or his successors or assigns. The provisions of this section do not affect the official immunity of an officer or employee of a public corporation."